## JENKINS *v.* ABBOTTS.

The plaintiff, by a memorandum in writing, sold to the defendants the
   right to lay or put down concrete paving within a certain territory for
   a term of years, the defendants agreeing to pay a royalty of eight cents
   for each square yard of paving so put down by them.  The only right
   the plaintiff owned was a right under a patent, which, as a patent, was
   worthless.  *Held*, that the agreement was without consideration, and
   that the plaintiff could not maintain an action against the defendants to
   recover the sum agreed to be paid as royalty.

ASSUMPSIT, commenced December 4, 1872, upon a written agreement
made on the fifteenth day of October, 1870, by which " said Joel Jen-
kins agrees to let, and the said N. Abbott & Son agree to lease, for
the term of two years from the fifteenth day of November, 1870, all
the right and privilege of laying or putting down concrete paving in
the town of West Roxbury, Mass., in consideration of the sum of eight
cents per square yard royalty, to be paid to the said Joel Jenkins or
his assigns, to be paid on the first Monday of each month for all that
has been put down the month previous to said Monday.  Said N. Abbott
& Son shall return to said Joel Jenkins a monthly statement of all
persons' names that have received concrete, with a correct amount of
the number of yards to each and every person named therein.  The
said Abbott & Son are to carry on the business under the name and
sign of N. Abbott & Son, and furnish everything relating to the busi-
ness in the shape of money, labor, stock, and tools, and all expenses
pertaining to the business, without any expense or liability to the said
Joel Jenkins or his assigns.  If the business lies idle, and no returns
or compensation made to the said Joel Jenkins for the space of time, to
witness, forty days during the months of May, June, July, August,
September, October, and November of each year, then this contract
shall become null and void, and the said Abbott & Son shall relinquish
all claims to the business, and turn the same over to Joel Jenkins

without any expense to him, and forfeit all rights to work in the same business in the said town of Roxbury for the space of time mentioned within, viz., two years from date." At the time this agreement was made, the plaintiff was engaged in laying what was known as Scrimshaw's patent concrete paving in West Roxbury, and had been engaged in that business at that place for about one year, having, under date of July 19, 1869, received a conveyance under seal from Charles W. Lyman, Gilbert S. Foster, and Nelson Abbott of all their right, title, and interest in the above named invention, as secured to George Scrimshaw, for the towns of West Roxbury and Hyde Park, and paid them therefor the sum of eleven hundred dollars. Nelson Abbott, one of the above grantors, became, was, and is the active partner in the firm of N. Abbott & Son, the defendants in this action, to whom the before recited lease was made. All the right and title said Jenkins has or ever had was derived from the above named grantors, which right and title was by him reconveyed by the lease in question, as to the town of West Roxbury. The Scrimshaw patent, as a patent, is worthless. The defendants, during the summer of 1871, carried out the provisions of the lease with full knowledge that said patent was worthless, and that other persons were doing the same business in said town. During the second season under said lease, the defendants carried on the business mentioned, but made no return according to the lease, and paid no royalty according to the terms of the same, and this suit is brought to recover damages therefor. For the purposes of this case, and no other, the said parties agree to the above statement of facts, each reserving the right to go to the jury on any question of fact by them deemed material.

*Morrison, Stanley & Hiland*, for the plaintiff.

*Marshall & Chase*, for the defendants.

ISAAC W. SMITH, J. No question of fraudulent representation is suggested as entering into the contract between these parties. The only question is, Was there a sufficient consideration for the promise of the defendants?

It is claimed by the defendants that the contract is *undum factum*,— without consideration. The parties admit that the Scrimshaw patent, as a patent, is worthless. The plaintiff " let or leased " (whatever that may mean) to the defendants for a term, the right and privilege of laying or putting down concrete paving in West Roxbury, in consideration of a royalty of eight cents per square yard, to be paid for all paving so put down. No mention is made in the lease or writing that the paving is the Scrimshaw patent, although it is admitted that that is what was intended. The patent being worthless, the defendants by the contract acquired no right to do anything that they had not previously a right to do. The opportunity was open to any and all who chose to embark in the business, in West Roxbury, of putting down concrete paving.

*Earl* v. *Page*, 6 N. H. 477, seems to be decisive of this case. That was a suit upon a note given for a shingle machine, and for the exclusive right to use the same in a certain district, under a patent claimed by the plaintiff, which was void by reason of the non-compliance by the patentee with the terms of the statute. The maker of the note having paid the value of the shingle machine, the court held that the remaining consideration had failed, and that the plaintiff could not recover.

If it was any part of the agreement that Jenkins was not to engage in the business of laying concrete paving in West Roxbury during these two years, it would be a good consideration for the promise of the defendants to him. *Perkins* v. *Clay* (Grafton Co.), *post.* Does the agreement so provide? The contract does not purport to grant an exclusive right or license to put down concrete paving. It does not state that the plaintiff had any right or interest whatever to convey. The only right he claims to have had was under a patent which he admits was worthless. Contracts are to be construed most strictly against the grantor; and it is equally true that contracts in restriction of trade are to be construed strictly, as being against public policy. No agreement not to engage in the business of laying such pavements appears from the terms of the contract or lease, and we are satisfied that the language used does not authorize such an agreement by inference. If such an agreement was made by parol, it is void by statute, as being an agreement not to be performed within one year.

Upon the agreed statement of facts this action cannot be maintained.

*Case discharged.*